UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

PAUL AARON,
    Plaintiff,

v.                                                     Case No. 3:24-CV-387(OAW)

THE UNITED STATES OF AMERICA,
et al.,
    Defendants.

## INITIAL REVIEW ORDER

Self-represented Plaintiff Paul Aaron brings this civil rights action against Federal Correctional Institution Danbury ("FCI Danbury"), the United States of America, and FCI Danbury correctional officers John Garcia and Amos Telo. The Prison Litigation Reform Act requires federal courts to review complaints brought by prisoners seeking relief against a government entity, or against an officer or employee of a government entity. 28 U.S.C. § 1915A(a). Upon such review, the court must dismiss the complaint, or any portion thereof, that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(b), 1915A(b). The court has reviewed the amended complaint, ECF No. 9, and has conducted an initial review of the allegations therein. For the reasons set forth herein, the court concludes that the entire amended complaint must **DISMISSED**.

1

**I.     FACTUAL BACKGROUND**[1]

Plaintiff, an African American man who practices Judaism, was incarcerated at FCI Danbury at all times relevant here. On March 19, 2021, he voiced concerns about his dinner to the inmate who was serving him, noting that it did not look right and that it was not kosher. Defendants Garcia and Telo were in charge of food service that night. Defendant Garcia overheard the exchange and slapped Plaintiff's hand, knocking the tray to the floor and injuring Plaintiff. Defendant Garcia then ejected Plaintiff from the dining area and told him he would not be permitted to eat that night. Defendant Telo stood by and did nothing.[2]

Plaintiff filed suit, asserting claims pursuant to 18 U.S.C. § 242, 42 U.S.C. §§ 1983 and 1985, and the Federal Tort Claims Act ("FTCA"), as codified at 28 U.S.C. § 1346(b).

**II.    DISCUSSION**

The court first turns to those claims which can be summarily resolved.

First, Title 18 of the United States Code does not provide a private cause of action unless the specific statute includes an express or implied private right of action. *Guttilla v. City of New York*, No. 14-CV-156(JPO), 2015 WL 437405, at *11 (S.D.N.Y. Feb. 3,

---

[1] All factual allegations are taken from the amended complaint, ECF No. 9, and are considered to be true for the purpose of this review.

[2] Not relevant here, Plaintiff reported the incident the next day to a lieutenant, who had him medically assessed and removed to the Special Housing Unit. Defendant Garcia "retired" from his position, allegedly because of this incident.

2

2015) (citing *Cort v. Ash*, 422 U.S. 66, 79 (1975)).  18 U.S.C. § 242 does not so provide. *Vidurek v. Koskinen*, 789 F. App'x 889, 894 (2d Cir. 2019).  Thus, that claim is dismissed.

Next, an essential element of a Section 1985 claim is the showing of a conspiracy. That is, a plaintiff "must provide some factual basis supporting a meeting of the minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end."  *Webb v. Goord*, 340 F.3d 105, 110 (2d Cir. 2003).  Even assuming constitutional violations are alleged, the court finds that there is nothing in the amended complaint that shows any kind of agreement between any of the defendants.  The facts alleged are that Defendant Garcia slapped Plaintiff's hand and sent him away without dinner, and that Defendant Telo did nothing.  These facts are insufficient to show that they were operating under any agreement.  Thus, any Section 1985 claim also must be dismissed.

Regarding the FTCA claim, the statute of limitations for any claim against the United States as a defendant must be brought within two years.  *Mathirampuzha v. Potter*, 548 F.3d 70, 84 n.15 (2d Cir. 2008) ("The statute of limitations under the FTCA is two years.") (citing 28 U.S.C. § 2401(b)).  Here, the conduct occurred in March 2021, which means that this claim must have been brought by March 2023, but the original complaint was not filed until March 2024.  Thus, the FTCA claim also must be dismissed.

This leaves the Section 1983 claims.  "Section 1983 provides a private right of action against any person who, acting under color of state law, causes another person to be subjected to the deprivation of rights under the Constitution or federal law."  *Blyden v. Mancusi*, 186 F.3d 252, 264 (2d Cir. 1999).  Section 1983 only provides for action against

individuals, however, and so any 1983 claim must be dismissed as to the United States and FCI Danbury.[3]

Plaintiff asserts that the defendants violated his rights under the Eighth and the Fourteenth Amendments of the federal Constitution.[4] More specifically, he alleges that Defendant Garcia used excessive force against him and deprived him of food, and that Defendant Telos failed to intervene as to either act.

An Eighth Amendment excessive force claim comprises both a subjective and an objective element. *Sims v. Artuz*, 230 F.3d 14, 20 (2d Cir. 2000). In order to satisfy the subjective element, Plaintiff must show that the force employed was not "applied in a good-faith effort to maintain or restore discipline" but was done "maliciously or sadistically to cause harm." *Id.* at 21. As for the objective element, Plaintiff must show that the harm done was so objectively serious as to violate Plaintiff's constitutional rights. *Id.*

The court concludes that Plaintiff has failed to satisfy the objective element with respect to either the slap or the removal of Plaintiff from the dining area. De minimus uses of force rarely are actionable under Section 1983 where the conduct is not "repugnant to the conscience of mankind." *Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)) (internal quotation marks omitted). A single slap to the hand is not the severity contemplated by the Eighth Amendment.

---

[3] Thus, all claims against these two defendants are dismissed.
[4] The court has considered whether the facts alleged reasonably could support a First Amendment Free Exercise claim, but they could not. It appears that FCI Danbury does generally provide Plaintiff with kosher meals, and it is not clear whether or why this particular dinner was not kosher. The facts do not show that Plaintiff was forced to eat food that was not kosher, or that he was prevented from the practice of his faith is any other way. The deprivation of any meal at all precludes any claim that the meal that was withheld was not kosher.

4

And while it is well-settled that inmates certainly are entitled to the essentials of existence, food included, *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care . . . ."), the same degree of severity must be found as to other alleged Eighth Amendment violations. *See, e.g., Riddick v. Arnone*, No. 3:11CV631 SRU, 2012 WL 2716355, at *5 (D. Conn. July 9, 2012) (finding the withholding of outdoor recreation for several days to be de minimus, and thus not a constitutional violation); *Davis v. Chapdelaine*, No. 3:16-CV-268 (VLB), 2017 WL 3222531, at *4 (D. Conn. July 28, 2017) (finding de minimus injuries insufficient to support a failure-to-protect claim); *Vigliotti v. Daly*, No. 9:05CV1320GTS/DEP, 2008 WL 5423453, at *3 (N.D.N.Y. Dec. 30, 2008) (finding a brief period of confinement in an unventilated, recently-painted cell to be insufficient to state an Eighth Amendment claim). "The Eighth Amendment requires 'nutritionally adequate food that is prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Willey v. Kirkpatrick*, 801 F.3d 51, 69 (2d Cir. 2015) (quoting *Robles v. Coughlin*, 725 F.2d 12, 15 (2d Cir.1983)). But in this case, the deprivation of a single meal, on one occasion, where an inmate otherwise is fed consistently and sufficiently, and the inmate is apparently of a healthy constitution, the lack of a single meal does not rise to a deprivation of constitutional proportions. The missed meal does not show that Plaintiff was deprived of nutritionally adequate sustenance. *See Zielinski v. Annucci*, 547 F. Supp. 3d 227, 236 (N.D.N.Y. 2021) (finding the denial of two meals on one day, and another meal almost two months later, to be insufficient to state an Eighth Amendment claim); *Woodward v.*

*Ali*, No. 9:13-CV-1304 LEK/RFT, 2015 WL 5711899, at *12 (N.D.N.Y. Sept. 29, 2015) (finding that a "failure to provide food must present an immediate danger to the prisoner's health" in order to be actionable). Thus, while not minimizing Defendant Garcia's conduct as alleged by Plaintiff, it does not give rise to a claim for an Eighth Amendment violation.

Plaintiff asserts that the defendants violated the Equal Protection Clause of the Fourteenth Amendment, but the allegations in the amended complaint cannot carry this claim, either. To state an equal protection claim based upon protected-class discrimination, a plaintiff must show evidence of discriminatory intent. *Okin v. Vill. of Cornwall-On-Hudson Police Dep't*, 577 F.3d 415, 438 (2d Cir. 2009) ("Proof that discriminatory intent was a motivating factor is required to show a violation of the Equal Protection Clause."). It is not enough to state that an individual is of a protected class and was denied equal protection under the law. An equal protection plaintiff must adduce evidence sufficient to plausibly show that the denial was motivated *by invidious discriminatory purpose. Arlington Heights,* 429 U.S. at 265–66.

The only allegation from the amended complaint relevant to this point is Plaintiff's claim that "[o]n many occasions" Defendants "conspired against, verbally abused, and threatened" him because of his religious belief and kosher diet. But he gives only one such example, and that is of Defendant Garcia being verbally abusive several days before the incident in the dining area, when Defendant Garcia said he would knock Plaintiff out if he kept "talking about kosher bull****." ECF No. 9 at 4. This single comment made by a single defendant clearly does not show any kind of conspiracy, and while the tenor of the comment is harassing in nature, it does not show the sort of "purposeful discrimination

6

directed at an identifiable or suspect class" that is actionable as an equal protection violation. *Vann v. Fischer*, No. 11-CV-1958 JPO, 2012 WL 260233, at *3 (S.D.N.Y. Jan. 26, 2012) (quoting *Giano v. Senkowski*, 54 F.3d 1050, 1057 (2d Cir.1995)). Defendant Garcia did not use religious epithets, mock the practice of Judaism, or otherwise reference Plaintiff's race or religion. Thus, the harassment appears focused on frustration over his dietary needs rather than on discrimination toward his protected class.

Regardless, "verbal harassment, standing alone, does not amount to a constitutional deprivation," *Cole v. Fischer*, 379 F. App'x 40, 43 (2d Cir. 2010), "even when the harassment concerns a plaintiff's religion," *Thomas v. Delaney*, No. 917CV1023GLSCFH, 2018 WL 3543524, at *3 (N.D.N.Y. July 23, 2018). And even combining the verbal harassment with the slap several days later would not allege an "appreciable injury" sufficient to carry an equal protection claim. *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir. 1986). Consequently, the Fourteenth Amendment equal protection claim also must be dismissed.

Finally, because Plaintiff has not stated a constitutional claim against Defendant Garcia for the predicate conduct, any claims against Defendant Telo also must fail.

### III. ORDERS

For the reasons set forth herein, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The entire amended complaint, ECF No. 9, hereby is **DISMISSED.**
2. Plaintiff may file a second amended complaint on or before **Friday, May 30, 2025.**

    Plaintiff is cautioned that any amended complaint will completely supersede the current operative complaint, so the second amended complaint must include all allegations against all defendants. The current operative complaint may not be incorporated by reference, whether in full or in part.

3. Given this dismissal, the motion for an extension of time, ECF No. 11, and motion for an order on pending motions, ECF No. 13, hereby are **DENIED AS MOOT.**

4. If Plaintiff changes his address at any time during the litigation of this case, Local Rule 83.1(c)2 provides that he **MUST** notify the court. Failure to do so can result in the dismissal of the case. Plaintiff must give notice of a new address even if he is incarcerated. Plaintiff should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Plaintiff has more than one pending case, he should indicate all the case numbers in the notification of change of address. Plaintiff should also notify Defendants or counsel for Defendants of his new address.

IT IS SO ORDERED at Hartford, Connecticut, this 31st day of March, 2025.

                                                                              /s/
                                              Omar A. Williams
                                    United States District Judge